**447**

In re STUBBS.
Patent Appeal No. 2955.

Court of Customs and Patent Appeals.
May 23, 1932.

A. L. Jackson, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting all of the claims of appellant's application for want of patentability in view of the prior art.

The rejected claims are four in number, of which claims 1 and 3 are typical and read as follows:

"1. Paving for streets, roads and the like comprising a slab of cut-surface partly cured concrete, a coating of bituminous material laid on said cut surface and partly embedded therein, and a coating of sand adhering to the bituminous material."

"3. A process of making cut-surface sealed concrete paving for streets, roads and the like which comprises laying partly cured concrete cutting defective material from the surface of the concrete, spreading a coating of bituminous paint material, and afterwards treating the said paint material with a coat of sand."

The references relied upon are: Stubbs, 1,214,093, January 30, 1917; McCaffrey, 1,492,255, April 29, 1924.

The alleged invention is described by the Board of Appeals in its decision as follows: "The invention relates to street paving. It comprises laying concrete and when it is partly cured cutting off a layer about one-sixteenth to one-eighth inch thick from the upper surface portion thereby removing the laitance. The concrete is then painted with a coat of bituminous paint which penetrates the pores. A coat of bitumen is then applied and a layer of sand spread on top of the bitumen."

With respect to the references the Board said:

"The patent to Stubbs discloses a machine for cleaning the top surface of a layer of concrete before the upper coat of wearing material is applied. The machine consists of rotary resilient steel brushes, which loosen the material and brush the loosened material away (lines 34–37, page 2). The purpose of the machine is stated to be, 'to provide a device for cleaning dirt, dust and mortar coating from fresh laid concrete, that is, concrete which has been laid and set and which has a rough surface ready to receive a wearing coat of adhering material.'

"McCaffrey discloses a method of resurfacing old concrete roadways which consists in sweeping off dirt, dust, etc., washing the concrete with naphtha to remove grease, roughening the upper surface by checkering, applying an asphaltic paint coat, and finally applying a surface layer of asphalt. The patent states that the paint coat penetrates into the pores of the concrete and aids in the adhesion of the asphalt surface layer to the concrete."

All of the claims were rejected upon said references, and in addition the Examiner held that claims 1 and 2 should be rejected, because, while they are in the form of structure or product claims, they rely upon a method step. The Board of Appeals disagreed with the Examiner upon this ground of rejection, but held that said claims 1 and 2 were "primarily improper because as drawn they appear to claim a product in its transitory stage instead of in its final form. The finished product includes concrete which is completely cured and not partly cured."

Appellant contends that said claims 1 and 2 are process claims and not product claims, but we are unable to agree with him. We agree with the Board that said claims describe a product consisting in part of partly cured concrete, whereas it is clear from appellant's specification that the product resulting from his process is a paving for streets

in which there is no partly cured concrete, but consists in part of completely cured concrete. We find no error upon the part of the Board in rejecting said claims 1 and 2 upon the ground last above stated.

With respect to claims 3 and 4, we are unable to agree with the Board that they lack invention in view of the prior art.

We find nothing in the Stubbs reference to indicate that the concrete cleaner there described might be used to remove the surface of partly cured concrete, or that such removal would be desirable as a step in a process for making street paving. The Board calls attention to the fact that, in the specification in the Stubbs patent, it is stated that the steel brushes there described are used to loosen the material as well as brushing loose material away. We are clear that the material so referred to was not any part of the surface of the concrete, but only the mortar coating or other material adhering to the surface thereof.

The fact that appellant, in the application here involved, states that the surface cleaner described in said reference may be used in removing a part of the surface of partly cured concrete, does not indicate in any way that the patent suggests such use.

With respect to the reference McCaffrey, the Board said: "All of the claims have been further rejected as unpatentable over McCaffrey in view of Stubbs, the position being taken that there is no invention involved to remove a portion of the top surface in McCaffrey by means of the Stubbs machine instead of merely sweeping the top and roughening it. The McCaffrey patent involves resurfacing old concrete roadways and hence the concrete is hard and not readily removed. * * * "

The McCaffrey patent involves a process of resurfacing completely cured concrete, in which the surface is checkered, marked, or roughened, following which an asphaltic paint coat is applied and finally a surface layer of asphalt. It is stated in the patent that the paint coat, penetrating the crevices or pores of the concrete, aids in the adhesion of the asphalt surface coat which is afterwards applied.

The cleaner described in the Stubbs patent could not remove the surface of completely cured concrete, and we do not think there is anything in either the McCaffrey or Stubbs patents, singly or combined, that suggests the process here claimed by appellant.

Finally, it is stated by the Board that:

"* * * It is well known that a portion could be more readily removed when concrete is in a somewhat plastic condition and that bituminous paint will penetrate deeper into the pores. To apply such knowledge is regarded well within the skill of a worker in this art. * * * " Granting the correctness of the foregoing statement, we do not think it follows that it was obvious to one skilled in the art that it was desirable to remove a portion of the surface of partly cured concrete, and that the bituminous paint would penetrate deeper into the pores of the surface resulting from such removal than if applied to partly cured concrete without such surface removal. Appellant's specification states that objectionable features named in the specification are found in the upper surface of the concrete to a depth of approximately one-sixteenth of an inch, and his invention lies in the removal of this defective material, when partly cured, and then spreading a coat of bituminous paint material, afterwards treating the said paint material with a coat of sand.

We do not think the process claimed is suggested by the references, and we are of the opinion that the process claimed involved the exercise of the inventive faculty.

For the reasons stated, the decision of the Board of Appeals is affirmed as to claims 1 and 2, and reversed as to claims 3 and 4.